**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
In re:                                                                                Chapter 7
Michael S. Goldberg, LLC and                                        Case Nos. 09-23370-JAM
Michael S. Goldberg,                                                                    09-23371-JAM
Debtors.
---------------------------------------------------------------x
James Berman, Chapter 7 Trustee for the
Estates of Michael S. Goldberg, LLC and
Michael S. Goldberg,                                                     Adv. Proc. No. 16-02042-JAM
Plaintiff,
v.
Robert A. Landino, Scott A. LaBonte, Centerplan
Cranston, LLC, Centerplan North Haven, LLC,
Centerplan Smithfield, LLC, Centerplan
Middletown, LLC, Acquisition Holdings, LLC,     September 30, 2019
SAL Cranston, LLC, SAL North Haven, LLC,
SAL NH Investments, LLC, SAL Smithfield,
LLC, SAL Middletown, LLC, Siebar Middletown
LLC, Centerplan College Square, LLC, College
Square LLC and Does 1-20,
Defendants.
---------------------------------------------------------------x

## MOTION TO CONTINUE EXISITNG STAY

Pursuant to the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants[]", *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), Plaintiff, James Berman, Trustee (the "Trustee"), by and through his undersigned counsel, respectfully moves for the entry of an order extending the existing stay of this Adversary Proceeding pending further court order.  As good cause for the granting of the relief requested herein the Trustee represents that:

**Background**

1. In November 2010, the Trustee commenced an action against, *inter alia*, Scott A. LaBonte ("SAL") to recover more than $7.2 million in transfers that he received from the Debtors in connection with the Debtors' Ponzi scheme (hereinafter the "Goldberg Scheme").

2. Since May 2014 the Trustee has commenced three separate adversary proceedings to avoid and recover the fraudulent transfer of SAL's assets to trusts, family members and business associates, all of which transfers were intended to hinder, delay and defraud the Trustee in his efforts to recover for the victims of the Goldberg Scheme.

3. The Trustee commenced this action on May 16, 2016, days after Robert A. Landino, Centerplan Cranston, LLC, Centerplan North Haven, LLC, Centerplan Smithfield, LLC, Centerplan Middletown, LLC, Acquisition Holdings, LLC (the "Landino Defendants"), and Centerplan NB LLC had filed a declaratory judgment action. The declaratory judgment action was consolidated into this action and is pending as a counterclaim.

4. On October 9, 2018, the Landino Defendants, along with Centerplan NB LLC, Siebar Middletown, LLC, Centerplan College Square, LLC and College Square, LLC (collectively with the Landino Defendants the "Movants") filed a summary judgment motion. The summary judgment motion relies on expert opinion testimony, and was filed more than three months before the close of expert discovery.

5. On October 22, 2018, the Trustee filed a motion pursuant to Fed.R.Civ,P. 56(d), and Fed.R.Bank.Pro. 7056 (hereinafter the "56(d) Motion"), asking the court to deny the Movants' summary judgment motion, or in the alternative to hold it in abeyance, because expert discovery was not yet complete.

6. The 56(d) Motion remains *sub judice* because this action was stayed by order dated January 18, 2019, to allow the parties to this action and other SAL related actions to

explore a global resolution through mediation of the pending actions, as well as a not-yet-filed but all-encompassing action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The stay was extended by orders dated August 9, 2019 and September 16, 2019.

7. The parties were unsuccessful in resolving the RICO action, or any of the pending SAL related actions, through mediation, and the Trustee continued to prepare to file the RICO action.

8. On August 2, 2019, an order entered in the Debtors' consolidated bankruptcy case granting the Trustee's Motion to amend the retention agreement with his counsel, Zeisler & Zeisler, P.C. ("Z&Z"), to permit Z&Z to prosecute the RICO action on a "lesser of" contingency basis, such that Z&Z's compensation for the RICO action will be the lesser of 1/3 of the net recovery or one and one-half times its hourly rate, plus a potential success fee that would only apply if all allowed claims are paid one-hundred percent. The payment of Z&Z's compensation for the prosecution of the RICO action is limited to proceeds recovered in the RICO action. *See*, *In re. Michael S. Goldberg, LLC and Michael S. Goldberg*, Case No. 09-23370 (JAM) (substantively consolidated), at Doc. 1753 (the "Retention Amendment").

9. The RICO action was commenced on September 27, 2019, in the United States District Court for the District of Connecticut. A judgment in the Trustee's favor in the RICO action would render the instant action moot.

10. Prior to commencing the RICO action the Trustee communicated with counsel for all defendants to this action, as well as counsel for all defendants in *James Berman, Trustee v. Sally LaBonte, et al.*, Case No. 15-cv-01687 (the "Dynasty Trust Action"), and *James Berman, Trustee v. DEI Property Management, LLC*, Adv. Pro. 17-02029 (the "DEIPM Adversary"), to seek agreement to continue the pending stays of all three actions pending further court order so that the parties, and most importantly the Debtor's Estate, do not have to incur the costs and fees

of prosecuting this action, the Dynasty Trust Action, and the DEIPM Action in parallel with the RICO action.

11. All Defendants to the Dynasty Trust Action have consented to a stay of that action, which stay would remain in place pending further court order. On September 30, 2019, the Trustee filed a motion on consent to extend the existing stay pending further court order. *See*, Dynasty Trust Action, Doc. No. 113.

12. All Defendants to the DEIPM Action have agreed to a stay of that action, which stay would remain in place pending further court order. On September 30, 2019, the parties to the DEIPM Action filed a Stipulation and Order Maintaining Existing Stay which would continue the stay of the DEIPM Action pending further court order. *See* DEIPM Action, at Doc. No. 84.

13. SAL, along with Centerplan Cranston, LLC, Centerplan North Haven, LLC, Centerplan Smithfield, LLC, Centerplan Middletown, LLC, and SAL NH Investments, LLC, have agreed to extend the stay of this action pending further court order. However, the Movants do not agree to extend the stay.

**Law and Argument**

14. It is axiomatic that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. 248, at 254. Moreover, [t]he decision whether to issue a stay is 'firmly within a district court's discretion.'" *Briscoe v. City of New Haven*, 2009 U.S. Dist. LEXIS 119948, *4-5 (D. Conn., Dec. 23, 2009) (citations omitted).

15. "In deciding whether to stay proceedings, courts in the Second Circuit examine the following five factors: (1) the private interests of the plaintiff in proceeding expeditiously

with the civil litigation as balanced against the prejudice to the plaintiff if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.*, at *4, (quoting *Catskill Mts. Chapter of Trout Unlimited, Inc. v. U.S. EPA*, 360 F.Supp.2d 295, 304 (S.D.N.Y 2009).

16. In this case it is the Trustee/plaintiff moving for the stay to allow for the prosecution of the RICO action. Thus, the first factor, the private interests of the plaintiff in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiff if delayed, supports the requested extension of the existing stay.

17. The second factor also supports the requested extension of the existing stay. Nearly all of the named entity defendants to this action have been dissolved. Thus, the only defendants that could claim any burden by the extension of the existing stay, are SAL, who has consented to the requested stay, and Mr. Landino. With respect to Mr. Landino, if this action were to proceed simultaneously with the RICO action, Mr. Landino would be required to defend against both actions, rather than just the RICO action if this action is stayed.

18. Mr. Landino is a named defendant in the RICO action and he does have a summary judgment motion pending in this action, but even if Mr. Landino is successful in obtaining summary judgment, which is highly unlikely, it will not, as he may believe, provide him with a basis to dismiss the RICO claim asserted against him.

19. Moreover, the summary judgment motion is not fully briefed and ripe for adjudication. Indeed, the Trustee's Rule 56(d) Motion remains pending, there remains substantial expert discovery to be conducted, as well as significant briefing, and oral argument before the summary judgment motion is even fully submitted.

20. If Mr. Landino is concerned about being named as a defendant in a RICO action, he is certainly free to challenge the RICO claim asserted against him via motion practice in the

RICO action. Thus, given the above, the second factor also weighs in favor of the requested stay.

21. The Trustee recognizes and respects the interests of the Court in the efficient and expeditious resolution of pending cases. In this case the Court also has an interest in the efficient administration of the Debtor's Estate. As the Court is aware from statements made at the July 30, 2019, hearing on various pending motions, including the Retention Amendment, the Estate has very limited funds and the RICO action, which is being prosecuted on contingency basis and for which Z&Z has agreed to advance costs if necessary, represents the last and best hope for a significant recovery for creditors, *i.e.*, the victims of the Debtors' Ponzi scheme, following nearly a decade of obstructionist conduct by the entities named in the RICO action that was designed to impede the Trustee. Requiring the Trustee to prosecute this action, which as the Trustee's counsel represented during the July 30, 2019, hearings would be a waste of the Estate's very limited assets, in parallel with the RICO action will put tremendous pressure on those limited assets and negatively impact any recovery to the creditors.

22. Lastly, because the Estate has very limited assets and the RICO action represents the best chance at a significant recovery for creditors, the interests of persons not parties to this action and the interest of the public both weigh heavily in favor of an extension of the existing stay.

**WHEREFORE**, The Trustee respectfully moves for the entry of an order extending the existing stay of this action pending further order of this Court.

        James Berman, Chapter 7 Trustee for the
Substantively Consolidated Estate of
Michael S. Goldberg, LLC
and Michael S. Goldberg

By: */s/ James M. Moriarty*
    James M. Moriarty (ct21876)
    ZEISLER & ZEISLER, P.C.
    10 Middle Street, 15th Floor
    Bridgeport, Connecticut 06604
    Tel: (203) 368-4234
    Email: jmoriarty@zeislaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------x
In re:                                                                             Chapter 7
Michael S. Goldberg, LLC and                                      Case Nos. 09-23370-JAM
Michael S. Goldberg,                                                                    09-23371-JAM
Debtors.
------------------------------------------------------------x
James Berman, Chapter 7 Trustee for the
Estates of Michael S. Goldberg, LLC and       Adv. Proc. No. 16-02042-JAM
Michael S. Goldberg,
Plaintiff,
v.
Robert A. Landino, Scott A. LaBonte, Centerplan
Cranston, LLC, Centerplan North Haven, LLC,
Centerplan Smithfield, LLC, Centerplan
Middletown, LLC, Acquisition Holdings, LLC,    September 30, 2019
SAL Cranston, LLC, SAL North Haven, LLC,
SAL NH Investments, LLC, SAL Smithfield,
LLC, SAL Middletown, LLC, Siebar Middletown
LLC, Centerplan College Square, LLC, College
Square LLC and Does 1-20,
Defendants.
------------------------------------------------------------x

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 30th day of September, 2019, the foregoing Motion to Continuing Existing Stay was electronically filed.  Notice of this filing will be sent electronically to all registered e-filers in this case by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

                / s / James M. Moriarty
                James M. Moriarty (ct21876)